IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEREMIAH M. JONES, #254548        *

       v.        *     CIVIL ACTION NO. AMD-05-2601

ABYSS DISTRIBUTION/AZURE GREEN    *
                                                        ******

MEMORANDUM

According to the facts presented in the pro se complaint, on September 2, 2004, plaintiff, who is an inmate confined at the Maryland House of Correction Annex in Jessup, Maryland, authorized the deduction of $22.20 from his prison account to be sent to the defendant, a Virginia-based company, to cover the shipping and handling of two books. Plaintiff complains that he never received the books. He later learned that the items had been returned to defendant due to an incorrect mailing address. He asserts that while defendant returned a portion of the monies, it retained $5.00 of the original amount as part of the "delivery" charge it incurred. Plaintiff seemingly claims that defendant has fraudulently retained the money and it should not charge him for its own mailing error. Because he appears indigent, plaintiff's motion for leave to proceed in forma pauperis shall be granted. His complaint, however, shall be dismissed for lack of subject matter jurisdiction of this court.

Federal courts are courts of limited jurisdiction. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986); *Abercrombie v. Office of Comptroller of Currency*, 833 F.2d 672, 674 (7th Cir. 1987). In general, a civil case may proceed in federal court only if a claimant raises a claim based on the Constitution or laws of the United States or diversity jurisdiction exists. Plaintiff's allegations against defendant state nothing more than a tort or breach of contract claim. His complaint does not set out a claim under the U.S. Constitution or federal statute.

Were the court to construe the complaint as a claim under the diversity jurisdiction, subject matter jurisdiction would still be lacking. Under 28 U.S.C. § 1332, the district court has original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff seeks $50,000 in damages. Therefore, on its face, the complaint does not meet the amount in controversy requirement.[1]

For the reasons stated above, this case shall be dismissed *sua sponte* without requiring service. Plaintiff may, if he chooses, attempt to file suit in state court. An Order follows.

Filed: September 20, 2005
/s/
Andre M. Davis
United States District Judge

---

[1] It is a firmly established general rule of the federal courts that the plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction. *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to the qualification that the plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute. *Id*. In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938).

In the instant case plaintiff alleges that defendant failed to return $5.00 of the $22.20 payment sent to the company for delivery of two books. Plainly, when considering the alleged monetary loss, as well as the injury alleged by plaintiff, his complaint in no way meets the amount in controversy.